IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

KINGRALE COLLINS                                                                                    PLAINTIFF

v.                              Case No. 1:23-cv-1036

STATE OF ARKANSAS                                                                                 DEFENDANT

## ORDER

The case is before the Court on Plaintiff's failure to obey an order of the Court. Plaintiff proceeds *pro se* and *in forma pauperis.*

This case was opened as an action pursuant to 42 U.S.C. § 1983 when Plaintiff submitted a document entitled "Petition to Correct Illegal Sentence pursuant to Ark. Code Ann. § 16-90-111." ECF No. 1. The style of the case lists the Court as the Circuit Court for El Dorado County, Arkansas. *Id.* In the document Plaintiff argues his sentence of life without parole was illegal and asks that it be corrected pursuant to Ark. Code Ann. § 16-90-111. *Id.*

On June 27, 2023, Plaintiff filed a document entitled "Commutation (time cut) Application" which indicates it was submitted to the Arkansas Institutional Release Services. ECF No. 8. The document was filed as an Amended Complaint. *Id.* As his reasons for requesting commutation of his sentence, Plaintiff lists: (1) "I want to adjust what may be considered an excessive sentence;" and (2) "My institutional adjustment has been exemplary and the ends of justice have been achieved." *Id.* After describing the facts of his criminal case, Plaintiff was asked to explain why he thought the Governor should grant him a commutation. *Id.*

Following the submission of this document, the Court entered an Order to Communicate. ECF No. 9. The Court noted it appeared Plaintiff may have meant to file his Complaint with the Circuit Court of El Dorado, Arkansas. *Id.* The Court also noted Plaintiff may have meant to submit the second document he filed, the Amended Complaint, to the Institutional Release Services. *Id.* Plaintiff was directed to respond by informing the Court if he intended to file the

documents in federal court, in state court, or with the Institutional Release Services. *Id.* If Plaintiff meant to file the documents in federal court, he was advised he would be sent a habeas corpus petition form. *Id.* Plaintiff was directed to respond to the Order to Communicate by July 19, 2023, and was informed that failure to respond to the Order would result in the dismissal of the case. *Id.* To date, Plaintiff has not responded to the Order and has not requested an extension of time to respond. No mail has been returned as undeliverable.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

The Court finds that Plaintiff has failed to prosecute this case and failed to obey an order of the Court. Accordingly, this case is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) and Local Rule 5.5(c)(2). Given the circumstances of the case, the Orders directing collection of the filing fee (ECF Nos. 5 & 7) are hereby set aside and the Clerk is **directed** to refund any portion of the fee Plaintiff has paid.

**IT IS SO ORDERED**, this 27th day of July, 2023.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge